FILED IN MY OFFICE
DISTRICT COURT CLERK
12/8/2016 8:48:29 AM
James A. Noel
Patricia Serna

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

ZENAIDA MEJIA

        Plaintiff,

vs.                                    Case No.:   D-202-CV-2016-07684

DAVID PELAMATI, TITAN TRANSFER, INC.,
and ZURICH NORTH AMERICA INSURANCE COMPANY,
a foreign corporation doing business in New Mexico,

        Defendants.

## COMPLAINT FOR PERSONAL INJURY

COME NOW Plaintiff, by and through her attorneys, Whitener Law Firm, P.A., and for her Complaint for Personal Injury states:

1. Plaintiff Zenaida Mejia (hereinafter "Plaintiff"), at all times material hereto, has been a resident of County of Bernalillo, State of New Mexico.

2. Defendant Zurich North American Insurance Company (hereinafter "Zurich") is a foreign corporation doing business in Bernalillo County, State of New Mexico. Zurich is named as a party herein pursuant to the holding in *Martinez v. Reid*, 2002-NMSC-015 (2003). At all relevant times, Defendant Zurich insured Defendants David Pelamati and Titan Transfer, Inc.

3. Upon information and belief, Defendant David Pelamati (hereinafter "Defendant Pelamati") has been at all material times hereto a resident of Tucson, County of Pima, State of Arizona.

4. Upon information and belief, Defendant Titan Transfer, Inc., (hereinafter "Titan") is a foreign corporation with a registered agent in Shelbyville, Tennessee.

5. The events which form the subject matter of this Complaint occurred in Albuquerque,



EXHIBIT A

County of Bernalillo, State of New Mexico.

6. This court has jurisdiction over the parties and the subject matter herein, and venue is properly laid in Bernalillo County, State of New Mexico.

### I. FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

7. Plaintiff incorporates by reference the previous paragraphs as though fully set forth herein.

8. Plaintiff's claims arise out of a vehicle crash which occurred on August 1, 2015.

9. On or about August 1, 2015, Plaintiff was operating a vehicle eastbound on Menaul Boulevard in Albuquerque, New Mexico

10. Defendant Pelamati was traveling northbound on University Boulevard.

11. Defendant Pelmati entered the intersection colliding into the passenger's side of Plaintiff's vehicle.

### II. NEGLIGENCE (Defendant Pelamati)

12. Plaintiff incorporates by reference the previous paragraphs as though fully set forth herein.

13. At all relevant times, Defendant Pelamati owed a duty to Plaintiff, as well as other motorists, to exercise reasonable care in operation of the motor vehicle that he was operating.

14. Defendant Pelamati failed to exercise reasonable care under the circumstances in the manner or method of his driving, which resulted in the vehicle crash.

15. Defendant Pelamati had a duty to drive his vehicle in a safe, careful and prudent manner.

16. In violation of said duty, Defendant Pelamati drove his vehicle in a careless, unsafe and imprudent manner.

2

17. At all relevant times, Plaintiff has the right away.

18. At all relevant times, Defendant had a red light.

19. At all relevant times, Defendant failed to yield the right of way.

20. Defendant Pelamati failed to yield the right of way and struck the vehicle occupied by Plaintiff.

21. In violation of said duty, Defendant Pelamati drove his vehicle in an unsafe, careless and/or imprudent manner.

22. Defendant Pelamati's negligence includes one, or more than one, or all, of the following acts or omissions:

    a. Driver inattention;

    b. Failing to keep a proper lookout;

    c. Failing to keep a vehicle under control;

    d. Failing to obey a traffic control device;

    e. Running a red light;

    f. Failing to avoid contact with other vehicles on the roadway;

    g. Driving a vehicle in violation of existing statutes and ordinances;

    h. Failing to operate a vehicle in a safe and reasonable manner; and

    i. Driving a vehicle in a careless manner.

23. As a direct and proximate result of Defendant Pelamati's negligence, Plaintiff sustained damages including, but not limited to: past and future medical expenses, past and future pain and suffering, lost wages, loss of earning capacity, permanent injury, permanent disability, interest, and costs.

### III. NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION

24. Plaintiff incorporates by reference the previous paragraphs as though fully set forth herein.

25. Defendant Titan, was negligent in hiring, contracting of, training, supervision and retention of Defendant Pelamati.

26. Defendant Titan's negligence includes but is not limited to:

    a) Inadequate screening of Defendant Pelamati as a perspective employee or independent contractor;

    b) Inadequate management, training, and enforcement of policies regarding vehicle operation and maintenance;

    c) Placement or retention of Defendant Pelamati as a vehicle or tractor-trailer operator; and/or; and

    d) Inadequate supervision of Defendant Pelamati.

27. As proximate result of Defendant Titan's negligence in hiring, contracting with, training, supervision and retention of Defendant Pelamati, Plaintiff suffered the above described damages.

### IV. RESPONDEAT SUPERIOR

28. Plaintiff incorporates by reference the previous paragraphs as though fully set forth herein.

29. Defendant Pelamati, at all times material hereto, was an employee, contractor or agent of Defendant Titan.

30. Defendant Pelamati, at all times material hereto, was acting within the course and scope of his employment with Titan and was working under the control of Defendant and in

furtherance of the legitimate business activities of Defendant.

31. Defendant Titan, is liable for the actions or inactions of Defendant Pelamati under the doctrine of *Respondeat Superior*.

32. Any act or omission of an employee or contractor of a Defendant corporation acting within the course and scope of his employment is an act or omission of the corporation.

33. Defendant Titan approved or authorized or ratified the negligent conduct of Defendant Pelamati.

### V. NEGLIGENCE (Titan)

34. Plaintiff incorporates by reference the previous paragraphs as though fully set forth herein.

35. Defendant Titan, owned or leased or otherwise had a possessory interest in the vehicle driven by Pelamati at the time of the subject vehicle crash.

36. As owner, leasor, or possessor of the vehicle, Defendant Titan, owed a duty of ordinary care and/or pursuant to local, state or federal law, to maintain and ensure the careful operation of the vehicle.

37. Defendant breached its duty of ordinary care and/or its duty pursuant to local, state or federal law.

38. As a proximate result of Defendant Titan's negligence in its obligations of ownership, possessor interest, and maintenance, Plaintiff suffered the above described damages.

### VI. NEGLIGENT ENTRUSTMENT (Titan)

39. Plaintiff incorporates by reference the previous paragraphs as though fully set forth herein.

40. Defendant Titan, entrusted a motor vehicle to Defendant Pelamati on or about August

1, 2015.

41. At all times material hereto, Defendant Titan, owed a duty to Plaintiff, as well as to others, to exercise reasonable care in the operation or entrustment of a vehicle to Defendant Pelamati.

42. At the time Defendant Pelamati was entrusted with the vehicle, Defendant Titan, knew or should have known that Defendant Pelamati was:

    a) a poor or unskilled driver;

    b) a careless or inattentive driver;

    c) had been in multiple accidents before; and/or

    d) was otherwise an unfit driver.

43. Defendant Titan, failed to exercise reasonable care under the circumstances, which resulted in the vehicle crash and the above described damages.

44. The harm caused to Plaintiff and others was foreseeable.

45.[1] As a direct and proximate result Defendant Titan's breach of the duty owed to Plaintiff, Defendant Pelamati caused the crash that resulted in the above described damages.

WHEREFORE, Plaintiff respectfully request relief from the Court as follows:

46. For Judgment of the Court against Defendants in an amount sufficient to compensate Plaintiff for the above described damages suffered as a result of the vehicle crash described above;

47. For an award of pre-judgment interest on all sums determined to be due Plaintiff from date of the complaint until paid in full;

48. For all of Plaintiff's costs incurred herein to be reimbursed by Defendant Titan and Defendant Pelamati; and

6

49. For all such other and additional relief as the Court may deem appropriate in these circumstances.

50. At all relevant time, Defendant was insured by Defendant Zurich.

WHEREFORE, Plaintiff respectfully requests a reasonable award of damages in an amount to be proven at trial and such other and further relief as the Court deems just and proper.

Respectfully submitted:

WHITENER LAW FIRM, P.A.

_____
Matthew J. O'Neill, Esq.,
*Attorney for Plaintiff*
4110 Cutler Avenue N.E.
Albuquerque, NM 87110
(505) 242-3333