IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ZENAIDA MEIJA,

    Plaintiff,

v.                                                                                        Civ. No. 17-00095 SCY/LF

DAVID PELAMATI, TITAN TRANSFER, INC.,
and ZURICH NORTH AMERICA INSURANCE
COMPANY, a foreign corporation doing business
in New Mexico,

    Defendants.

## MEMORANDUM AND OPINION ORDER

THIS MATTER comes before the Court on Defendants' Motion to Dismiss for Failure to State a Claim (Doc. 8). In the Motion, Defendants contend that Plaintiff's claims for (1) negligent hiring, training, supervision and retention and (2) negligence against Defendant Titan Transfer, Inc. fail to comply with federal pleading standards under Fed.R.Civ.P. 8(a). For the following reasons, the Court finds that Defendants' Motion is well-taken. Accordingly, the Court GRANTS the Motion.

### I.    BACKGROUND

On December 8, 2016, Plaintiff filed her Complaint in New Mexico State District Court against Defendants. Doc. 1-1. Defendants subsequently removed the action to federal district court on the basis of diversity jurisdiction. Doc. 1. Plaintiff's claims arise from an alleged vehicle accident that occurred on August 1, 2015. Doc. 1-1. Plaintiff alleges that Defendant David Pelamati ran a red light and crashed into her vehicle. Doc. 1-1.

In addition to bringing claims against Pelamati for negligence, Plaintiff claims that Pelamati's employer, Defendant Titan Transfer, Inc. was "negligent in hiring, contracting of,

training, supervision and retention of Defendant Pelamati." Doc. 1-1. Plaintiff alleges that Titan Transfer's negligence includes, but is not limited to, (1) inadequate screening of Pelamati as a prospective employee or independent contractor; (2) inadequate management, training, and enforcement of policies regarding vehicle operation and maintenance; (3) placement or retention of Pelamati as a vehicle or tractor-trailer operator, and (4) inadequate supervision of Pelamati. Doc. 1-1. Plaintiff further claims that Titan Transfer was negligent because it "owned or leased or otherwise had a possessory interest in the vehicle driven by Pelamati." Doc. 1-1. Plaintiff alleges that as the owner or lessor, Titan Transfer "owed a duty of ordinary care and/or pursuant to local, state or federal law, to maintain and ensure the careful operation of the vehicle." Doc. 1-1. After removal, Defendant filed the present Motion contending that Plaintiff failed to allege sufficient facts to state a claim for negligent hiring, training, supervising and retention or negligence against Titan Transfer.[1]

## II.     LEGAL STANDARD

A Rule 12(b)(6) request to dismiss for failure to state a claim upon which relief can be granted requires the Court to test the legal sufficiency of a party's claim for relief. "[I]f, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint does not contain 'enough facts to state a claim to relief that is plausible on its face,'" dismissal is proper. *MacArthur v. San Juan Cnty.*, 497 F.3d 1057, 1064 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

---

[1] Plaintiff also claims that Titan Transfer is liable based on theories of respondeat superior and negligent entrustment. Defendants acknowledge Plaintiff has alleged sufficient facts to support these claims and so the Court does not address these claims.

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A plaintiff's factual allegations against a defendant "must be enough to raise a right to relief above the speculative level." *See Christy Sports, LLC. v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009) (citation omitted). Stated differently, a plaintiff must provide sufficient allegations to "nudge[] [his] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Although Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief", *Erickson v. Pardus*, 551 U.S. 89, 93 (2007), the federal pleading duty is not trivial. Rule 8 pleading requirements "do[] not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-89. In deciding a Rule 12(b)(6) motion, a court disregards conclusory statements of law and considers if the remaining factual allegations plausibly suggest the defendant is liable. *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10 Cir. 2011).

In sum, the Tenth Circuit has concluded that the *Twombly/Iqbal* standard is "a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do." *Khalik v. United Air Lines,* 671 F.3d 1188, 1191 (10th Cir. 2012) (citation omitted). Determining whether a complaint states a plausible claim for relief "is context specific, requiring the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted).

**III.    ANALYSIS**

Defendants contend that Plaintiff's claims against Titan Transfer for (1) negligence and (2) negligent hiring, monitoring/supervising, training and retention must be dismissed for failure to state a claim. Doc. 8 at 5, 7. The Court will address these contentions in turn.

**A. Plaintiff's Claim for Negligence Against Titan Transfer**

In support of her claim for negligence against Titan Transfer, Plaintiff alleges that Titan Transfer, as owner of the vehicle, "owed a duty of ordinary care and/or pursuant to local, state or federal law, to maintain and ensure the careful operation of the vehicle." Doc. 1-1 at ¶ 36. Plaintiff alleges that "Defendant breached its duty of ordinary care and/or its duty pursuant to local, state, or federal law." Doc. 1-1 at ¶ 37. Plaintiff alleges that as "a proximate result of Defendant's Titan's negligence in its obligations of ownership, possessor interest, and maintenance, Plaintiff suffered the above described damages." Doc. 1-1 at ¶ 38. Defendants contend that these allegations are insufficient because other than alleging that Titan Transfer owned or leased the vehicle driven by Pelamati, Plaintiff fails to identify specifically how Titan Transfer breached an alleged duty of care or how Plaintiff suffered damages as a result of Defendant Titan's alleged breach. Doc. 8 at 7-8. The Court agrees with Defendant.

"Generally, a negligence claim requires the existence of a duty from a defendant to a plaintiff, breach of that duty, which is typically based upon a standard of reasonable care, and the breach being a proximate cause and cause in fact of the plaintiff's damages." *Herrera v. Quality Pontiac,* 2003-NMSC-018, ¶ 6, 73 P.3d 181. As noted above, in deciding a Rule 12(b)(6) motion, a court disregards conclusory statements of law and considers if the remaining factual allegations plausibly suggest that the defendant is liable. *Kan. Penn Gaming, LLC*, 656 F.3d at 1214. Plaintiff's allegations do no more than state vague and conclusory statements of law. Indeed, the only relevant factual allegations underlying Plaintiff's claim of negligence on the part

of Titan Transfer is that it owned or had a possessory interest in a vehicle that was involved in an accident. Plaintiff makes no factual allegations that would allow the Court to infer that the vehicle involved in the crash was negligently maintained or that Titan Transfer failed to ensure its careful operation. Further, Plaintiff does not provide any specificity as to what duties Titan Transfer had pursuant to state, federal, or local laws. As such, Plaintiff's allegations are merely a "formulaic recitation of the elements of a cause of action" and are insufficient to state a claim. The Court will therefore dismiss Plaintiff's claim for negligence against Titan Transfer.

**B. Plaintiff's Claim for Negligent Hiring, Supervising, Training and Retention**

Defendants contend that Plaintiff fails to state a claim for negligent hiring, supervising, training and retention. Defendants contend that Plaintiff failed to identify Titan Transfer's purported deficiencies or provide a sufficient factual basis to support this claim.

Similar to Plaintiff's negligence claim against Titan Transfer, the factual allegations underlying Plaintiff's claim is that Pelamati, while an employee of Titan Transfer and acting within the course and scope of his employment, ran a red light and collided with Plaintiff's vehicle. Specific to her negligent hiring, supervision, training and retention claim, Plaintiff alleges that Titan Transfer's negligence "includes but is not limited to" (a) inadequate screening of Pelamati as a prospective employee; (b) inadequate management, training, and enforcement of policies regarding operation and maintenance, (c) placement or retention of Pelamati as a vehicle or tractor-trailer operator, and (d) inadequate supervision of Pelamati. Doc. 1-1 at ¶ 26.

"Negligence in hiring or retention is based on the employer's negligent acts or omissions in hiring or retaining an employee when the employer knows or should know, through the exercise of reasonable care, that the employee is incompetent or unfit." *Lessard v. Coronado Paint & Decorating Center, Inc.*, 2007-NMCA-122, ¶ 28, 168 P.3d 155, 165. In order to state a

claim for negligent hiring, "there must be evidence that the employee was unfit, considering the nature of the employment and the risk he posed to those whom he would foreseeably associate, and that the employer knew or should have known that the employee was unfit." *Id.* (internal quotation marks omitted). Similarly, "[t]he proper standard for determining whether an employer should be held liable for negligent supervision or retention of an employee is whether the employer knew or reasonably should have known that some harm might be caused by the acts or omissions of the employee who is entrusted with such position." *Cain v. Champion Window Co. of Albuquerque, LLC*, 2007-NMCA-085, ¶ 18, 164 P.3d 90 (internal quotation marks and citation omitted); *see also* UJI 13-1647 NMRA (stating that the elements of negligent hiring, supervising, or retaining an employee include as an element that the defendant employer knew or should have known that hiring, retaining, or supervising the employee would create an unreasonable risk of injury to a class of individuals).

The Court agrees with Defendants that Plaintiff failed to allege a sufficient factual basis to state a claim for negligent hiring, retention, training, or supervision. First, Plaintiff's alleged bases of Titan Transfer's liability are merely conclusory statements. That is, Plaintiff's allegations that Titan Transfer inadequately screened, trained, monitored, or retained Pelamati or that Titan Transfer inadequately enforced its own policies are legal conclusions and not factual allegations. *See Iqbal*, 556 U.S. at 674 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."). Further, there is a complete absence of factual allegations in Plaintiff's Complaint regarding what Titan Transfer knew or should have known prior to the accident regarding Pelamati's fitness as an employee. By way of contrast, in *Linkewitz v. Robert Heath Trucking, Inc.*, Magistrate Judge William P. Lynch concluded that the plaintiff stated a claim for negligent hiring and retention where the plaintiff alleged that the

6

defendant driver had multiple motor vehicle violations on record prior to the collision and the violations should have alerted the defendant employer that the driver was unsafe. Civ. No. 13-420, 2013 WL 12138884, *5 (D.N.M. August 13, 2013). Plaintiff makes no such allegations here.

Plaintiff instead contends that it is plausible that Titan Transfer knew of Pelamati's unfitness due to the accident itself. Doc. 12 at 6. However, it does not automatically follow that if Pelamati operated the vehicle in a negligent manner at the time alleged in the Complaint, his employer, Titan Transfer, must have negligently hired, trained, or supervised him. Turning again to *Linkewitz*, the court expressly rejected such reasoning as too attenuated to support a claim for negligent training and supervision. Civ. No. 13-420, 2013 WL 12138884, *6 (D.N.M. August 13, 2013). Magistrate Judge Lynch stated that "[w]hile it is possible that [the driver's] alleged negligence, taken as true, can be attributed to a failure to properly train her, that mere possibility is not enough; *Twombly* demands that factual allegations be enough to raise a right to relief above the speculative level." *Id* (internal quotation marks and citation omitted). The Court agrees with Magistrate Judge Lynch's conclusion. Accordingly, the Court is unable to draw a reasonable inference from Plaintiff's Complaint that Titan Transfer negligently, hired, retained, trained, or supervised Defendant Pelamati based only on the fact that he allegedly caused the accident. The Court will therefore likewise dismiss this claim.

**C. The Court Declines Plaintiff's Request to Amend its Complaint at this Time**

Plaintiff requests that in the event that the Court found her claims deficient that she be permitted leave to amend. The Court will deny Plaintiff's request at this time because it is not a proper motion to amend. Under D.N.M.LR-Civ. 15.1, the proposed amendment must

accompany a motion to amend. The Court's ruling on this point does not preclude Plaintiff from filing a proper motion to amend consistent with Fed.R.Civ.P. 15 and D.N.M.LR-Civ. 15.1.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motion to Dismiss for Failure to State a Claim (Doc. 8). Plaintiff's Negligent Hiring, Training, Supervision, and Retention claim (Count III) and Plaintiff's Negligence claim against Defendant Titan Transfer (Count V) are hereby dismissed without prejudice.

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE
Sitting by Consent